RICHARD A. POLACSEK AND INGEBORG POLACSEK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Polacsek v. Commissioner
Docket No. 2794-79.
United States Tax Court
T.C. Memo 1981-569; 1981 Tax Ct. Memo LEXIS 171; 42 T.C.M. (CCH) 1289; T.C.M. (RIA) 81569; September 30, 1981. *171 Held: A swimming pool installed at petitioners' home at a cost of $ 10,516.26, and used for medical purposes added $ 4,000 to the value of petitioners' property. Petitioners are entitled to deduct $ 6,516.26 of the cost of the pool as a medical expense. Richard A. Polacsek, pro se. Charles Zuravin, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' 1975 Federal *172 income tax in the amount of $ 3,287.84. After concessions by petitioners, the sole issue for decision is the extent to which the cost of adding a swimming pool to petitioners' residential property qualifies for deduction as a medical expense under section 213[1] for the taxable year 1975. FINDINGS OF FACT
Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioners Richard A. Polacsek and Ingeborg Polacsek, husband and wife, resided in Stevensville, Md., at the time of the filing of their petition herein. Ingeborg Polacsek is a party herein solely by reason of her filing a joint return with Richard A. Polacsek (hereinafter petitioner). In 1969 petitioner purchased a home situated on a one-quarter-acre lot in Towson, Md., for $ 37,750 (hereinafter sometimes referred to as the Towson property). He resided at the Towson property until July of 1977 at which time he sold it to Dr. and Mrs. Karkar (hereinafter purchasers) for $ 73,000, *173 which was $ 2,000 less than had originally been asked. During the taxable year 1975, petitioner had a swimming pool installed in the backyard of the Towson property at a cost of $ 10,516.26. The pool was installed and used solely for therapeutic purposes necessitated by a severe operation petitioner had undergone some 34 years prior to trial. The operation, known as a "total thorasoplasty," resulted in petitioner, who was himself a physician, having little residual breathing power. The pool, which was used constantly by petitioner, allowed him to increase his breathing power through exercise. Since this was the pool's sole purpose, it was constructed with a depth of only 4 feet, was 14-feet wide and 28-feet long, had no improvements such as copings or diving boards, and was thereby limited in use to swimming or wading. The swimming pool took up the greater portion of the backyard, which from the house to the back edge of the property measured approximately 36 feet. When the Towson property was put up for sale it remained on the market for 2 months, during which time purchasers were the only ones to make an offer, originally for $ 70,000, and eventually they bought the home *174 for $ 73,000. At the time of the sale of the Towson property, the purchasers hired an appraiser through Equitable Trust Co. (Equitable) to make an appraisal of such property for mortgage purposes on behalf of Equitable. The appraiser, whose speciality was residential real property, was qualified as an expert appraiser in various Maryland courts, had been a licensed realtor since 1951 and was a past director and member of the Real Estate Board of Baltimore. He concluded that the Towson property had a fair market value of $ 73,000 after comparing such property to three other homes which had previously been sold and which were located in the vicinity of petitioners'. To determine this fair market value the appraiser started with the sales price of each of these homes and then adjusted such price for any differences between such home and the Towson property. The differences for which adjustments might be made included, among others, the number of bedrooms or bathrooms, the location, the view, and the time of sale. The method of adjustment was either to add to the sales price of the compared home for the value of attributes of the Towson property not present in the compared home or *175 to subtract from such price for the value of attributes of the compared home not present in the Towson property. In this way, a figure could be derived which would approximate the fair market value of the Towson property. Beginning with each home's respective sales price, the appraiser in fact made adjustments for differences in their age, condition, and date of sale so as to adjust for inflation. In addition, since none of the compared homes had a swimming pool, the appraiser added $ 4,000 to the sales price of each, as it was his opinion that "the value of the pool added $ 4,000 to the value of the subject house [the Towson property]." When the purchasers first discovered the Towson property had a swimming pool, they were hesitant to purchase such property because they had an infant child only 8 months old.However, they did like the pool and it was considered by them to be an "expensive luxury." The pool was used approximately 3 months a year by the purchasers as well as by their son as long as someone was present to supervise him. On the return filed for the taxable year 1975, petitioner deducted as a medical expense $ 10,516.26, the entire cost of building the swimming *176 pool. In the statutory notice of deficiency, respondent totally disallowed this deduction. [2]
Ultimate Facts
The swimming pool added $ 4,000 to the value of the Towson property. Petitioners are entitled to deduct $ 6,516.26 of the cost of the pool as a medical expense for 1975. OPINION The sole issue is whether the addition of a swimming pool to the Towson property for medical reasons increased the property's fair market value thereby limiting the deduction otherwise allowable under section 213. [3]
*177 Petitioner asserts that the addition of the pool to his one-quarter-acre lot did not increase its fair market value and therefore the entire cost of installing the pool may be deducted. Respondent concedes that the pool was installed solely to provide "medical care" for petitioner, but claims that it added $ 4,000 to the fair market value of petitioner's property and that to this extent, the cost of the pool does not qualify as a medical expense and is therefore not deductible. Section 213 allows a taxpayer to deduct expenses paid during the taxable year for medical care.In addition, while capital expenditures are generally nondeductible under section 263-- an expenditure which otherwise qualifies as a medical expense under section 213 shall not be disqualified merely because it is a capital expenditure. * * * Moreover, a capital expenditure for permanent improvement or betterment of property which would not ordinarily be for the purpose of medical care, may, nevertheless qualify as a medical expense to the extent the expenditure exceeds the increase in the value of the related property *178 , if the particular expenditure is directly related to medical care.* * * [Emphasis added.] [Sec. 1.213-1(e)(1)(iii), Income Tax Regs.] See Haines v. Commissioner, 71 T.C. 644 (1979); Ferris v. Commissioner, 582 F.2d 1112 (7th Cir. 1978), revg. a Memorandum Opinion of this Court. It is not disputed that the expenditure herein was directly related to medical care. If the value of the property was not increased by the expenditure, the entire cost of the capital improvement is deductible. Therefore, if petitioner is to prevail he must show that the swimming pool did not increase the value of the Towson property. The burden of proof with respect to this issue is on petitioner. [4]Rule 142(a), Tax Court Rules of Practice and Procedure.
Both at the time of the pool's construction and at the time of the sale of the Towson property, petitioner did not believe the addition of the pool added to the property's value. He felt that because of the depth of the pool and the fact that it took up too much of the outdoor space of the property, making *179 it unattractive, the pool was a liability in terms of attracting buyers. Petitioner testified that he thought he could have sold the property sooner for the same price of $ 73,000 without the pool. Unfortunately, the petitioner has come forth with no evidence, other than his own testimony, in support of his position that the pool added no value to his home. He was a physician, not an appraiser of real estate. When he testified that the home became unattractive by the addition of a pool only 4 feet deep and which encompassed nearly his entire backyard, he was merely expressing his personal opinion. This opinion was not corroborated by any evidence. On the basis of this fact alone we are inclined to find that petitioner has not met his burden of proof. However, we need not let our decision rest merely upon petitioner's lack of evidence. An expert residential real estate appraiser testified that in his opinion, the pool added $ 4,000 in value to the Towson property. [5] The appraiser had been hired by the purchasers as part of the mortgage approval process required by Equitable to determine the fair market value of petitioner's property. We found the appraiser to be credible as *180 well as quite knowledgeable in his area of expertise, namely appraising residential property. *181 Finally, we note that the purchasers liked the pool, and any hesitancy they may have had about purchasing the property upon discovering such pool was because they had an infant child to whom the pool posed a potential danger, not because they found the pool unattractive. Although the pool may have been only 4 feet deep, it could still be used for swimming or wading and was so used by purchasers. Neither does the fact that the pool encompassed most of the backyard of the Towson property convince us that it did not add to the value of such property. It is entirely possible, given individual tastes, that the Towson property became more attractive because of it. In light of the scant evidence presented on behalf of petitioners at trial, the testimony given by an expert appraiser, and the record as a whole, we find that petitioner has not met his burden of proof, and have concluded that the value of the Towson property was increased by $ 4,000 due to the addition of the swimming pool. Therefore, the amount expended for such pool qualifies for deduction as a medical expense under section 213 only to the extent it exceeds the increase in value. Decision will be entered under Rule *182 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. At trial and on brief, respondent conceded that to the extent the swimming pool did not increase the fair market value of the Towson property, it is deductible as a medical expense.↩
3. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES (a) Allowance of Deduction.--There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise-- (1) the amount by which the amount of the expenses paid during the taxable year (reduced by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152) exceeds 3 percent of the adjusted gross income, * * * (e) Definitions.--For purposes of this section-- (1) The term "medical care" means amounts paid-- (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body,↩
4. Cf. Hagerty v. Commissioner, T.C. Memo. 1975-66↩.
5. Following the trial, petitioner asserted, both by letter to the Court and on brief, that the appraiser's report, admitted into evidence at trial without objection by petitioner, was erroneous. The report indicates the Towson property had three bedrooms and two bathrooms. As the report was properly admitted into evidence, petitioner is precluded from challenging such evidence. Fuller v. Commissioner, 20 T.C. 308 (1953). Moreover, we note from the appraiser's report that petitioner's house was a bi-level house which had a total of 8 rooms, including a den, rec. room, and 3 bedrooms. It is quite possible that the appraiser classified a bedroom as either a den or a rec. room.Furthermore, the appraiser testified that in his opinion the pool added $ 4,000 to the value of the property; this was not dependent on the number or type of rooms in the house. If the Towson house actually had more rooms than the appraisal report reflected, at most this would only have increased the value of the property. But, even were we to not consider the appraiser's testimony, we would be left with nothing more than petitioner's self-serving testimony that the pool added no value to the Towson property which, for the reasons stated herein, would not be enough to overcome the burden of proof. Additionally, to petitioners' brief was attached a letter purportedly from a real estate agent, dated March 24, 1980, addressed to petitioner, wherein the author states, "I do not feel you received any extra for the pool." Even if the author was a qualified real estate appraiser, which of course we have no way of knowing, the letter does not constitute evidence which can be considered by this Court. Rule 143(b), Tax Court Rules of Practice and Procedure.↩